United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE, INC., Plaintiff, v. CLOUD CONTROLS LLC, Defendant. | Case No. 26-cv-01510-PCP **ORDER DENYING MOTIONS TO DISMISS AND TRANSFER** Re: Dkt. Nos. 38, 41 |

Plaintiff Apple, Inc., sues defendant Cloud Controls LLC for a declaratory judgment of noninfringement as to six patents. Cloud Controls moves to dismiss Apple's suit for lack of personal jurisdiction. Dkt. No. 38. In the alternative, Cloud Controls moves to transfer this suit to the Eastern District of Texas. Dkt. No. 41. For the reasons stated below, the Court denies both motions.

**BACKGROUND**

On December 18, 2025, Cloud Controls sent Apple a letter asserting ownership of the six patents at issue in this suit and contending that Apple's mobile device and entertainment products infringed those patents. Amended Complaint (AC) ¶ 3. Apple and Cloud Controls thereafter exchanged emails regarding the infringement claims. AC ¶¶ 4, 5, 24. On December 23, 2025, Cloud Controls filed lawsuits against Verizon, T-Mobile, and AT&T alleging infringement of the patents at issue here in Apple iPhones, iPads, AirPods, iMessage, AirDrop, AirPlay, and other products and services. AC ¶ 7.

Apple is a California corporation with its principal place of business in Cupertino, California. AC ¶ 13. Cloud Controls, Apple alleges, is a limited liability company with its principal place of business in Austin, Texas. AC ¶ 14. Cloud Controls is allegedly a wholly owned

United States District Court
Northern District of California

subsidiary of Varia Holdings LLC, a private company managed by Michael Jemal, who also manages Cloud Controls. AC ¶¶ 15, 16. Apple alleges that "Varia exercises control over Cloud Controls." AC ¶ 16.

## ANALYSIS

### I. Motion to Dismiss for Lack of Personal Jurisdiction

Cloud Controls moves to dismiss under Rule 12(b)(2) for lack of personal jurisdiction. Dkt. No. 38. For a federal court to exercise personal jurisdiction over a defendant, that court must be authorized to do so by the long-arm statute of the state where it sits, and the exercise of personal jurisdiction must be consistent with due process. *See Maxchief Invs. Ltd. v. Wok & Pan, Ind., Inc.*, 909 F.3d 1134, 1137 (Fed. Cir. 2018).[1] Because California's long-arm statute extends to the limits of due process, the Court need only consider the constitutional issue.

"Due process requires that a defendant have sufficient 'minimum contacts' with the forum state such that the suit not offend 'traditional notions of fair play and substantial justice.'" *Id.* To satisfy the minimum contacts requirement, "the defendant must have purposefully directed its conduct at the forum state," and the claim "must arise out of or relate to the defendant's contacts with the forum." *Id.* at 1138. A defendant does not have minimum contacts with a forum merely because he "directed his conduct at plaintiffs whom he knew had [forum state] connections." *Walden v. Fiore*, 571 U.S. 277, 289 (2014).

When the two "minimum contacts" requirements are satisfied, jurisdiction is "presumptively reasonable." *Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*, 848 F.3d 1346, 1356 (Fed. Cir. 2017). Nonetheless, the court's exercise of personal jurisdiction is still constitutionally impermissible if "maintenance of the suit" would "offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). It is the defendant's burden "to present 'a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *SnapPower v. Lighting Def. Grp.*, 100 F.4th 1371, 1375

---

[1] Because this suit involves declaratory claims for patent noninfringement, the Court applies the Federal Circuit's law on personal jurisdiction. *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1016 (Fed. Cir. 2009).

(Fed. Cir. 2024) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

The Federal Circuit has held that the first two inquiries for the "minimum contacts" requirement are met where the defendant "sen[t] a cease and desist letter to a potential plaintiff in that particular forum" and that potential plaintiff then filed "a subsequent declaratory judgment action" in the forum. *New World Int'l, Inc. v. Ford Global Techs., LLC*, 859 F.3d 1032, 1037 (Fed. Cir. 2017); *see also Jack Henry & Assocs., Inc. v. Plano Encryption Techs. LLC*, 910 F.3d 1199, 1204 (Fed. Cir. 2018). That is precisely the circumstance here. Apple alleges that on December 18, 2025, Cloud Controls sent Apple a letter via certified mail and FedEx priority overnight mail to Apple's process agent.[2] The letter asserted that Cloud Controls owned several patents "relating to many aspects of mobile devices and entertainment products," identified several patents by number, and asserted that some Apple products and services infringe Cloud Controls's patents. AC ¶ 3. Cloud Controls also wrote that it was "willing to provide Apple with a nonexclusive license" to the patents in the lawsuit. AC ¶ 3. On December 23, 2025, Apple's in-house counsel in the San Francisco Bay Area wrote to Cloud Controls requesting more information to evaluate Cloud Controls's claims. AC ¶ 4. Apple and Cloud Controls corresponded over the following two weeks. AC ¶ 5. Apple subsequently filed the instant lawsuit on February 20, 2026. Because Cloud Controls sent a pre-litigation demand letter to Apple directed to this forum, corresponded with Apple in this forum, and Apple subsequently filed a suit for declaratory relief in this forum, the "minimum contacts" element of the test for personal jurisdiction is satisfied under binding Federal Circuit precedent.

This conclusion is fortified by Cloud Controls's other forum-directed conduct. On December 18, 2025, for example, Cloud Controls sent a letter to Google warning that Google products are covered by Cloud Controls patents and that Cloud Controls "is willing to provide Google LLC with a nonexclusive license under the Patents." Dkt. No. 67-1.[3] That same day,

---

[2] Although Cloud Controls sent the letter to Apple's registered agent for service of process in Texas, the letter was directed to Apple, a Northern California-based company, and thus satisfies the requirement that Cloud Controls have sent a letter directed to the California forum.

[3] The parties' joint stipulated request to supplement the record, Dkt. No. 67, is granted.

Cloud Controls sent similar letters to California addresses for Masimo Corp. and Sonos, Inc. Dkt. Nos. 67-2, 67-3. Though these letters were not sent to Apple, "the plaintiff need not be the forum resident toward whom any, much less all, of the defendant's relevant activities were purposefully directed." *Akro Corp. v. Luker*, 45 F.3d 1541, 1547 (Fed. Cir. 1995).[4]

The Court must still consider whether exercising personal jurisdiction here would be reasonable and consistent with traditional notions of fair play and substantial justice. "Under the third part of the test [for personal jurisdiction], … [the Federal Circuit] has held that it is improper to predicate personal jurisdiction on the [mere] act of sending ordinary cease and desist letters into a forum, without more." *New World*, 859 F.3d at 1037–38. That being said, "when minimum contacts have been established, often the interests of the plaintiff and the forum in the exercise of jurisdiction will justify even the serious burdens placed on the alien defendant." *Xilinx*, 848 F.3d at 1356 (quoting *Asahi Metal Ind. Co., Ltd. v. Sup. Ct.*, 480 U.S. 102, 114 (1987)). To satisfy the burden of showing that exercising jurisdiction would be unreasonable or unfair, the defendant must show that the factors set forth in *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, "present a compelling case that jurisdiction would be unreasonable." *Apple Inc. v. Zipit Wireless, Inc.*, 30 F.4th 1368, 1379 (Fed. Cir. 2022).

The *Burger King* factors are 1) "[t]he burden on the defendant" of litigating in the forum state, "which is always a primary concern," 2) "[t]he forum State's interest in adjudicating the dispute," 3) "[t]he plaintiff's interest in obtaining convenient and effective relief," 4) "[t]he interstate judicial system's interest in obtaining the most efficient resolution of controversies," and 5) "[t]he shared interest of the several States in furthering fundamental substantive policies." *Id.* at 1379 (cleaned up) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)). Each of these factors is either neutral or favors litigation in this forum.

---

[4] Apple also met with Cloud Controls affiliates on at least three occasions. Apple asserts, and Cloud Controls does not contest, that on March 20, 2013 "Varia representatives Michael Jemal, Steve Klein, and Eric Halber met with representatives from Apple ***at its Cupertino, California headquarters.***" Opposition at 1; Reply at 8, 12. More recently, in 2024, Jemal spoke to Apple, a California company, about its patent litigation engagements with Apple. That conversation occurred in New York and its precise content is disputed.

United States District Court
Northern District of California

First, Cloud Controls would be only minimally burdened by litigating this dispute in California. Notably, Cloud Controls does not seek to have this matter transferred to its home jurisdiction, which is the Western District of Texas. Instead, it seeks transfer to a different jurisdiction where it is not located. And even then, Cloud Controls's "residence" in the Western District is in some senses a legal fiction. Michael Jemal, the controlling owner of both Cloud Controls and Varia, is located in New York, and Cloud Controls resides in Austin, Texas, only because that is where Jamel chose to incorporate the company. Under these circumstances, any burden on Cloud Controls is minimal. *See Trimble Inc. v. PerDiemCo LLC*, 997 F.3d 1147, 1158 (Fed. Cir. 2021) (concluding that litigating in the Northern District of California would not impose an undue burden on the defendant where the defendant claimed to have offices in the Eastern District of Texas but its sole employee "ha[d] never visited that office and his office [was] in Washington, D.C.").

Additionally, the record demonstrates that Cloud Controls is a "non-practicing patent holder" that, "[b]y the very nature of its business, [] must litigate its patents in the United States in fora far from its home office." *Xilinx*, 848 F.3d at 1357.[5] In an attachment to its motion to dismiss, Cloud Controls includes a document that appears to be the "Certificate of Formation" for Clouds Controls LLC. Exh. D, Dkt. No. 38-7. The certificate lists Michael Jemal as the manager and, given the filing date of August 5, 2024, suggests that Cloud Controls had only been in business for about one year before beginning to assert its patent rights against California companies. *See* Opposition at 12. The burden of litigating in California to an entity like Cloud Controls, which has asserted its patents against companies in multiple states, is slight.

Second, the "forum state's interest in adjudicating the dispute" favors Apple. "California has definite and well-defined interests in commerce and scientific development" as well as a "substantial interest in protecting its residents from unwarranted claims of patent infringement."

[5] Though the non-practicing entity in *Xilinx* also resided outside of the United States, the Federal Circuit did not rely on the "foreign location of a defendant itself" but instead on its observation that "a non-practicing patent owner[] necessarily must litigate its patents somewhere in the United States." *Xilinx*, 848 F.3d at 1357 n.6.

United States District Court
Northern District of California

*Xilinx*, 848 F.3d at 1356 (cleaned up). Cloud Controls points out that Apple has a significant presence in Texas as well, including in Austin, and contends that the Eastern District of Texas therefore "also has a substantial interest in adjudicating the dispute." Motion to Dismiss at 19. But Apple is a California company based in the Northern District of California, and California's "definite and well-defined interests in commerce and scientific development" significantly outweigh Apple's secondary presence in Texas and Austin (which is not the Eastern District of Texas).

Third, Apple's interest in obtaining convenient and effective relief favors exercising jurisdiction in this forum. Apple is headquartered in Cupertino, California, and "indisputably has an interest in protecting itself from patent infringement by obtaining relief from a nearby federal court in its home forum." *Zipit*, 30 F.4th at 1380. Cloud Controls argues that "more efficient, complete, and effective resolution" would occur in Texas where other cases involving Apple products' potentially infringing uses are currently being litigated. Motion to Dismiss at 19. But the mere existence of other litigation does not make the forum in which that other litigation takes place a more effective site for obtaining relief. Significant employees and information relevant to resolving these claims exist at Apple's headquarters in California. Thus, the third factor favors exercising jurisdiction.

Fourth, the interstate judicial system's interest in obtaining the most efficient resolution of controversies favors exercising jurisdiction because, as discussed, the location of witnesses and documents favors litigating in the Northern District of California.

Fifth, the shared interests of the states in furthering fundamental substantive policies does not favor either side because the law at issue here is federal patent law.

Because four out of the five factors from *Burger King* favor the exercise of jurisdiction in the Northern District of California and the fifth factor is neutral, Cloud Controls has not established that the Court's exercise of personal jurisdiction over it would be unreasonable. The Court therefore denies Cloud Controls's motion to dismiss for lack of personal jurisdiction.

## II. Motion to Transfer

Cloud Controls alternatively moves to transfer this action to the Eastern District of Texas.

Dkt. No. 41.

28 U.S.C. § 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Courts in this district have articulated eight factors generally relevant to the § 1404(a) inquiry: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *See Jackson v. Tesla, Inc.*, 772 F. Supp. 3d 1111, 1118 (N.D. Cal. 2025) (quoting *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000)).

Each of the factors either favors Apple or does not favor either party.[6] First, to the extent there are relevant agreements or contacts between parties, they are most likely either in Apple's possession in California or in Cloud Control's possession in New York or Texas. This factor thus favors neither venue. Second, because the governing law is the Federal Circuit's patent law precedents, neither the Northern District of California nor the Eastern District of Texas has a particular advantage in interpreting that body of law. Third, plaintiff's choice of forum, the Northern District of California, favors Apple. Fourth, Apple has deep contacts with the forum because it is headquartered in Cupertino, California, and has some of its most important personnel, technology, and records in the forum. Fifth, and similarly, Apple seeks noninfringement declarations with respect to Apple products. Much of the information about those products and their design and function exists in the Northern District of California, where Apple has its corporate headquarters and many employees. The sixth factor also favors Apple because records and witnesses relevant to Apple's suit are most easily available in Northern California. The

[6] The parties dispute whether this lawsuit could have been filed in the Eastern District of Texas. Because the Court concludes that the relevant factors do not favor transfer, it will assume the action could have been filed in that venue and that the first requirement for granting transfer under 28 U.S.C. § 1404 is satisfied.

seventh factor favors Apple because, to the extent relevant individuals or documents are sought, the closer proximity of such material to the Northern District of California represents an advantage over the Eastern District of Texas. And finally, the ease of access to sources of proof favors this forum because, again, relevant sources of proof are most likely to be located in Northern California.

Because none of the relevant factors favors transferring this case to the Eastern District of Texas, the Court denies Cloud Controls's motion to transfer.

**CONCLUSION**

For the reasons stated above, the Court denies Cloud Controls's motions to dismiss and transfer.

**IT IS SO ORDERED.**

Dated: September 28, 2026

P. Casey Pitts
United States District Judge